**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2516-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FAHEEM K. COOK,

    Defendant-Appellant.

_____

Submitted December 16, 2019 – Decided January 7, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 11-02-0325 and 12-04-1051.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Faheem Cook appeals from the court's order denying, without an evidentiary hearing, his petition for post-conviction relief. Cook contends his trial counsel was ineffective by failing to challenge the court's award of gap-time and jail credits in connection with his sentence on three indictments. He argues:

> AS FAIR PLAY AND EQUITABLE CONSIDERATIONS REQUIRE THAT MR. COOK RECEIVE 501 DAYS OF JAIL TIME CREDIT INSTEAD OF GAP-TIME CREDIT, THE PCR COURT SHOULD HAVE GRANTED HIS PETITION.

We affirm.

On September 19, 2011, after a jury found Cook guilty of an August 28, 2009 robbery and conspiracy to commit robbery, the court imposed an aggregate seven-year sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and awarded 353 days of jail credit. The jail credit covered a brief period of incarceration in 2009, and his subsequent incarceration beginning November 19, 2010.

Over a year later, on December 5, 2012, Cook pleaded guilty to three counts of third-degree theft committed on July 11, 2010, under a second indictment. Also on that day, Cook pleaded guilty to an August 8, 2010 first-degree armed robbery, and related charges, under a third indictment. On

February 1, 2013, the court sentenced Cook to an aggregate five years under the second indictment, and an aggregate twelve years subject to NERA under the third indictment. In connection with both sentences, the court awarded 304 days of jail credit and 501 days of gap time. The jail credit covered the period between his November 2010 arrest and his September 2011 sentencing.

Defendant's appeal lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). He was only entitled to gap time for the 501 days, because he was already sentenced and serving time in prison on the first indictment when he was sentenced under the second and third indictments for crimes committed before the first sentence. See N.J.S.A. 2C:44-5(b)(2); State v. Joe, 228 N.J. 125, 131 (2017). His plea counsel was not ineffective by withholding a meritless argument for jail credit. See State v. O'Neal, 190 N.J. 601, 619 (2007).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3

A-2516-18T2